## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| Janine LaVigne, *on behalf of herself and all others similarly situated*, | : |
| | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-00934-KK-LF |
| v. | : |
| | : **FIRST AMENDED CLASS ACTION** |
| First Community Bancshares, Inc.; First National Bank Texas; DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| Defendants. | : |

Plaintiff Janine LaVigne ("Plaintiff" or "LaVigne"), individually and on behalf of all others similarly situated, sues First Community Bancshares, Inc. and First National Bank Texas (together "FCB"), and states as follows:

## INTRODUCTION

1.      Plaintiff seeks damages and injunctive and declaratory relief from the illegal actions of FCB in contacting Plaintiff and Class members on their cellular telephones for non-emergency purposes using an "automated telephone dialing system" ("ATDS") in direct contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.      The TCPA regulates, among other things, the use of ATDS or "autodialers." 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

3.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated calls are a greater nuisance and invasion of

1

privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

4.      Plaintiff also seeks actual and statutory damages for Defendant's harassing telephone calls made in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## PARTIES, JURISDICTION AND VENUE

5.      LaVigne is and at all times mentioned herein was an individual person residing in Albuquerque, New Mexico.

6.      First Community Bancshares, Inc., is a Texas corporation with a headquarters at 507 North Gray, Killeen, Texas 76541.

7.      First National Bank Texas is a Texas entity with a headquarters at 507 North Gray, Killeen, Texas 76541. First National Bank Texas is a subsidiary of First Community Bancshares, Inc.

8.      This Court has subject matter jurisdiction under 28 U.S.C. §1331.

9.      Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides here and a substantial part of the events giving rise to the claim occurred here.

10.     Does 1-10 are third parties who, upon information and belief, placed FCB's automated calls, and whose identities are currently unknown to the Plaintiff.   One or more Does may be joined once their identities are disclosed through discovery.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

11.     In or around July of 2014, FCB began placing telephone calls to Plaintiff on her

2

cellular telephone at telephone number 505-xxx-4951 and from number 888-907-4951.

12.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

13.     When Plaintiff answered the calls from FCB, she heard a period of silence before a live FCB representative came on the phone.   FCB's representatives indicated FCB was calling for a consumer named "Belinda Lucero."

14.     In or around July of 2014, Plaintiff informed FCB that it was calling the wrong number and to cease calls to her.

15.     Nonetheless, FCB continued calling Plaintiff's cell phone.   Plaintiff continued to inform FCB that it was calling the wrong number.

16.     On July 23, 2015, Plaintiff spoke to a FCB supervisor named Sylvia, who apologized for the calls and informed Plaintiff that her number would be removed from FCB's system.

17.     Despite the supervisor's assurances, the calls from FCB continued.

18.     Plaintiff did not provide her cell phone number to FCB.

19.     Plaintiff does not know the consumer Belinda Lucero indicated on FCB's calls.

20.     The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     FCB or its agents did not have express consent to place calls using an artificial or prerecorded voice to Plaintiff's cellular telephone, therefore the calls placed by Defendant to

3

Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

23.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following Class:

**(1) All persons in the United States (2) to whose cellular telephone number (3) FCB placed a non-emergency telephone call (4) using an ATDS (5) within four years of the complaint (6) where FCB did not have prior express consent to call said cellular telephone number.**

24.     Plaintiff represents and is a member of the Class.   Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

25.     Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of FCB and the automated nature of the messages, Plaintiff reasonably believes that the Class number in the thousands.

26.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by FCB.

27.     There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

   i.   Whether FCB engaged in a pattern of using ATDS to place calls to cellular phones;

4

    ii.   Whether FCB had prior express consent to place the calls;

    iii.   Whether FCB ignored consumers' indications that they were not the debtors indicated on FCB's calls; and

    iv.   Whether FCB willfully violated the TCPA.

28.    As a person who received telephone calls from FCB using an ATDS to her cellular phone without having given prior express consent, Plaintiff asserts claims that are typical of the members of the Class.   Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of either Class.

29.    Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

30.    A class action is the superior method for the fair and efficient adjudication of this controversy.   Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims.   Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as FCB did not attempt to obtain consent required by the TCPA prior to placing the calls.

31.    Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a

whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I –VIOLATIONS OF THE TCPA

32.     Plaintiff incorporates the foregoing as if fully set forth herein.

33.     Plaintiff brings this claim on behalf of the Class.

34.     FCB made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members using a prerecorded or artificial voice and an ATDS. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

35.     FCB has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

36.     Each of the aforementioned calls by FCB constitutes a violation of the TCPA.

37.     Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

39.     Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used a predictive dialer and ATDS to Plaintiff and the Class's cellular telephones; and

- Defendant placed calls to the Plaintiff and the Class without prior express

6

consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

40.     Plaintiff incorporates the foregoing as if fully set forth herein.

41.     Plaintiff brings this claim on behalf of the Class.

42.     FCB made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members using a prerecorded or artificial voice. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

43.     FCB has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

44.     Each of the aforementioned calls by FCB constitutes a willful violation of the TCPA.

45.     Plaintiff and the members of the Class are entitled to an award of up to $1500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

46.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

47.     Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used a predictive dialer and ATDS on calls

7

to Plaintiff and the Class;

- Defendant knew it did not have Plaintiff and the Class's prior express consent to call with a predictive dialer and ATDS;

- Defendant knew it was contacting the wrong numbers when dialing Plaintiff and the Class's cellular telephones;

- Defendant knowingly and/or willfully failed to put procedures in place to stop automated calls to consumers who had indicated it was receiving Defendant's calls in error; and

- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

A.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C.   Declaratory relief as prayed for herein;

D.   An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.   Such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on issues so triable.


Dated: November 3, 2015

<div style="margin-left: 50%;">

Respectfully submitted,

<u>*/s/ Theresa B. Wilkes*</u>
Theresa B. Wilkes
PO Box 24347
Santa Fe, NM 87502
Tel. (575) 265-0527
twilkes@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT   06905
Telephone:   (203) 653-2250
Facsimile:   (203) 653-3424

</div>