IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Janine LaVigne, *on behalf of herself and all others similarly situated*,

    Plaintiff,

v.                                                                                              1:15-cv-00934-WJ-LF

First Community Bancshares, Inc.; First Community Bank; DOES 1-10, inclusive,

    Defendants.

## ORDER ON MOTION TO SET DEADLINE FOR PLAINTIFF TO MOVE FOR CLASS CERTIFICATION

THIS MATTER is before the Court on defendants' Motion to Set Deadline for Plaintiff to Move for Class Certification (Doc. 27), filed on April 12, 2016. Plaintiff filed her response on April 29, 2016 (Doc. 31), and defendants filed their reply on May 16, 2016 (Doc. 35). Having reviewed the filings and the applicable law, the Court finds the motion is not well taken and should be DENIED.

Defendants ask the Court to set a deadline of May 11, 2016 for plaintiff to move for class certification—citing FED. R. CIV. P. 23(c)(1)(A)'s requirement that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Doc. 27 at 1. However, the Court agrees with plaintiff that what is "practicable" is case specific. *See Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1244 (10th Cir. 2011) ("The practicability of an early motion for class certification varies widely among cases and jurisdictions."). The Court is not persuaded by defendants' citations to other districts which require plaintiffs to move for class certification within a set number of days (Doc. 27 at 2), and this district has no such rule.

Defendants' other arguments emphasize the policy reasons a Court should "timely" consider the issue of class certification—including promoting judicial efficiency and reducing the costs of litigation  Doc. 27 at 2–3.  Defendants argue that further delay will prejudice them and needlessly increase the costs of litigation.  Doc. 27 at 3.  Defendants initially argued that plaintiff should be ready to move for class certification given that she filed her case six months ago and has conducted "extensive discovery."  Doc. 27 at 3.  Plaintiff asserts that she cannot move for class certification until she conducts more discovery—most notably until she receives documents and testimony from a third party, GC Services, which she expects at the end of May 2016.  Doc. 31 at 2–3.  In their reply, defendants concede that plaintiff may need additional discovery before moving for class certification.  Doc. 35 at 2 ("That Plaintiff wishes to conduct additional discovery is fine, but the Court should not permit Plaintiff an indefinite amount of time before allowing her to move for class certification.").

As the parties now agree that plaintiff may need additional discovery before she can practicably move for class certification, defendants' Motion to Set Deadline for Plaintiff to Move for Class Certification (Doc. 27) is DENIED.

The Court agrees, however, that it eventually should set a reasonable deadline for plaintiff to move for class certification.  The parties therefore should be prepared to discuss this issue at the next status conference, scheduled on July 7, 2016 (Doc. 27).

_____
Laura Fashing
United States Magistrate Judge