IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANINE LAVIGNE,

    Plaintiff,

vs.                                                                 Civil No. 1:15-cv-00934-WJ/LF

FIRST COMMUNITY BANCSHARES, INC.
and FIRST NATIONAL BANK TEXAS,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART DEFENDANTS' MOTION TO STRIKE REPLY

THIS MATTER is before the Court upon Defendants' Motion to Strike Plaintiff's Reply Memorandum In Support of Plaintiff's Motion for Class Certification, filed January 26, 2018 **(Doc. 117)**. Having reviewed the parties' briefs and the applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is **GRANTED IN PART**.

### BACKGROUND

This is a putative class action for relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. Plaintiff alleges that Defendant First Community Bancshares, Inc., and its subsidiary Defendant First National Bank Texas ("Defendants") violated the TCPA by placing automated telephone calls to her cellular telephone for nonemergency purposes using an "automatic telephone dialing system" ("ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1).[1]

---

[1] Section 227(b) makes it unlawful for a person to make any call, other than a call made for emergency purposes or with prior express consent of the called party, using any automatic telephone dialing system or an artificial or prerecorded voice. . . ."

Plaintiff filed a Motion to Certify Class on March 17, 2017 **(Doc. 74)**. The response was delayed for additional discovery, and was filed eight months later on November 7, 2017. Plaintiff's reply in support of the motion to certify class was filed on January 8, 2018. Two motions to strike were also filed. This Motion was fully briefed on February 27, 2018, and is now ready for ruling.

In this Motion, Defendant requests the Court either (1) strike Plaintiff's reply in support of the motion to certify, or (2) alternatively reopen discovery and allow Defendants to file a surreply.

## DISCUSSION

Defendants argue that Plaintiff's reply (1) goes over the page limit set in the local rules, (2) includes a new proposed class definition in the reply, and (3) includes new evidence.

1. <u>Page Length</u>.

Defendants request that the Court strike Plaintiff's reply, because it exceeds the page limit set forth in the local rules. Plaintiff requests leave to exceed the local rule's page limit. D.N.M.LR.-Civ 7.5 specifies that a reply brief must not exceed twelve pages. Here, Plaintiff filed a sixteen page reply brief. Defendants do not assert any prejudice by the extra pages, rather, they assert they are prejudiced because Plaintiff included new arguments and new evidence in the reply. In its discretion, the Court declines to strike Plaintiff's reply. As explained below, any prejudice will be alleviated by allowing Defendants to file a surreply.

2. <u>New Arguments or Evidence</u>.

Defendants also argue that discovery should be reopened and they should be allowed to file a surreply, because Plaintiff included new evidence and arguments in her reply.

Initially, Defendants request to reopen discovery, because Plaintiff modified the proposed class definition to only include individuals called "on their cellular phones." The Court

concludes that Defendants have not shown cause to reopen discovery. Defendants have not identified any discovery that was not foreseeable during the original discovery period in this case. Moreover, this change to the class definition does not expand or change the proposed class. Both parties operated under the assumption that the class definition only included cell phone users.[2] In the amended complaint, Plaintiff specified that Defendants violated 47 U.S.C. § 227(b)(1)(A) by calling cellular numbers. *See* **Doc. 41**. Therefore, the Court declines to reopen discovery. Defendants may renew their request to reopen discovery if they can make the appropriate showing that specific discovery is needed, and was not foreseeable.

Where a reply brief presents new legal arguments or evidence, a court may take either of two courses of action: (a) refrain from relying on the new arguments or materials in the reply or (b) permit a surreply. *Beaird v. Seagate Technology, Inc.,* 145 F.3d 1159, 1164 (10th Cir. 2003). If the district court does not allow a surreply, then the court can avoid error only by not relying on the new materials and arguments in the movant's reply brief. *Beaird,* 145 F.3d at 1164; *Doebele v. Sprint/United Management Co.,* 342 F.3d 1117, 1129-31 (10th Cir. 2003); *see also Rowley v. APD Detective Kevin Morant*, 2014 WL 12656606, at *2 (D.N.M. 2014). The Court concludes that Defendants should have the opportunity to file a surreply, because Plaintiff included new arguments and evidence in her reply. Although it is unclear whether the addition to the proposed class definition changes anything, Defendants should have the opportunity to respond. Moreover, Plaintiff attached excerpts from three depositions to her reply. Defendants argue that Plaintiff mischaracterized the deposition testimony in argument, and the Court concludes that Defendants should be given the opportunity to clarify the testimony.

---

[2] In the Motion to Certify Class, Plaintiff referred to cell phones. (**Doc 74**). A previous proposed class definition included those called on their "cellular telephone numbers." (**Doc. 41**, ¶ **27**.). Thus, Defendants were clearly on notice that the proposed class involved only those who received calls on their cell phones.

**THEREFORE, IT IS ORDERED** that Defendants' Motion to Strike Reply **(Doc. 117)** is hereby **GRANTED IN PART** for the above described reasons.

**IT IS FURTHER ORDERED** that Plaintiff's request to exceed the page limit in her reply is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants may file a surreply to the Motion to Certify Class within **fourteen days** of the entry of this order. If Defendants require an extension, the parties may submit a stipulated extension, or Defendants may petition the Court for one, pursuant to D.N.M.LR.-Civ 7.4(a).

**IT IS FINALLY ORDERED** that all other relief requested in the Motion is **DENIED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE