IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANINE LAVIGNE, *on behalf of herself and all
others similarly situated*,

      Plaintiff,

v.                                                 1:15-cv-00934-WJ-LF

FIRST COMMUNITY BANCSHARES, INC.; FIRST
COMMUNITY BANK; DOES 1-10, inclusive,

      Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO FILE
## CROSS MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendants First Community Bancshares,

Inc. and First National Bank Texas's Motion for Leave to Move for Summary Judgment filed on

August 31, 2018 (Doc. 141).  Plaintiff Janine LaVigne filed her response on September 14, 2018

(Doc. 143).  Defendants did not file a reply, and one is not necessary.  Having reviewed the

parties' submissions and being otherwise fully advised, the Court finds the motion is well taken

and will GRANT it.

The deadline to file dispositive motions in this case was March 17, 2017.  Doc. 71.  In

their motion, defendants request leave to file a motion for summary judgement after the deadline

to file dispositive motions based on *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C.

Cir. 2018).  *ACA International* was decided by the United States Court of Appeals for the

District of Columbia on March 16, 2018, a year after the deadline for dispositive motions had

passed.  Defendants argue that the *ACA International* case is dispositive of plaintiff's Telephone

Consumer Protection Act ("TCPA") claims.  Doc. 141 at 3–5.  Plaintiff does not oppose

Defendants' motion and requests that she be permitted to move for summary judgment as well.

Doc. 143.

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Generally, "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1285 (D.N.M. 2009); *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (Good cause under Rule 16(b)(4) "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts."). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Mann*, 615 F. Supp. 2d at 1285.

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (citations and emphasis omitted).

In addition to a party's diligence, courts have considered a number of other factors in determining whether there is good cause to reopen case management deadlines. *Mann*, 615 F. Supp. 2d at 1286. These factors include whether trial is imminent, whether the request to reopen is opposed, whether the non-moving party would be prejudiced, the explanation for the party's failure to meet the original deadline, and the importance of what the court would otherwise be excluding. *Id.* Whether the requested extension will interfere with effective case management or infringe on the efficient adjudication of the case is also a factor of considerable significance. *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009). The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987).

I find that good cause exists to permit the parties to file cross motions for summary judgment based on the recently decided case *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687

(D.C. Cir. 2018) which, as the parties explain, may be dispositive of plaintiff's TCPA claims. First, trial is not imminent as a trial date has not been set. Second, the motion for leave to file a motion for summary judgment is not opposed. Third, the plaintiff will not be prejudiced as she also will be permitted to file a cross motion for summary judgment. Fourth, defendants were diligent and could not have brought a motion based on the *ACA International* case prior to the deadline because that case was decided a year after the deadline had passed. Finally, allowing the parties to submit motions based on *ACA International* will not infringe on the efficient adjudication of the case and may be dispositive of the issues. An evaluation of the factors establish that good cause exists to permit the parties to file motions for summary judgment based on *ACA International* and its progeny even though the deadline for dispositive motions has passed.

IT IS THEREFORE ORDERED that,

1. Defendants First Community Bancshares, Inc. and First National Bank Texas's Motion for Leave to Move for Summary Judgment filed on August 31, 2018 (Doc. 141) is GRANTED;

2. Plaintiff's request to file a cross motion for summary judgment (Doc. 143) is also GRANTED;

3. The parties will submit simultaneous motions for summary judgment no later than **October 31, 2018**. Responses and replies will be filed in accordance with D.N.M.LR Civ. 7.4; and

4. The motions for summary judgment must be based on *ACA International* (and subsequent opinions applying the holding in *ACA International*) and its effect on plaintiff's TCPA claims.

_____
Laura Fashing
United States Magistrate Judge