IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANINE LAVIGNE,

    Plaintiff,

vs.                                                   No. 1:15-cv-00934-WJ/LF

FIRST COMMUNITY BANCSHARES, INC.
and FIRST NATIONAL BANK TEXAS,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF NOTICE PLAN

THIS MATTER comes before the Court upon Plaintiff's Motion for Approval of Notice Plan (**Doc. 138**). Having reviewed the parties' briefs and the applicable law, the Court finds that Plaintiff's Motion for Approval of Notice Plan is well-taken, and therefore, is **GRANTED.**

### BACKGROUND

This is a certified class action for relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. Plaintiff, now class representative, alleges that Defendant First Community Bancshares, Inc., and its subsidiary Defendant First National Bank Texas ("Defendants") violated the TCPA by placing telephone calls to her cellular telephone for nonemergency purposes, without her consent, using an "automatic telephone dialing system" ("ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1).[1] Plaintiff seeks relief under the TCPA for herself and all others similarly situated. Defendants deny liability. The amended complaint **(Doc. 41)** includes general allegations asserted on behalf of the putative class and asserts Violations of the TCPA (Count I) and Willful Violations of the TCPA (Count II).

---

[1] Section 227(b) makes it unlawful for a person to make any call, other than a call made for emergency purposes or with prior express consent of the called party, using any automatic telephone dialing system or an artificial or prerecorded voice. . . ."

The Court certified a class under Fed. R. Civ. P. 23(b)(3) consisting of the following:

All persons who, since November 11, 2012, (1) called First National Bank Texas and First Community Bancshares, Inc., through their vendor GC services, and such call was coded "Bad/Wrong Number" and (2) were subsequently called again by First National Bank Texas and First Community Bancshares, Inc., on their cellular telephones through their vendor GC Services with an automatic telephone dialing system and such call was again coded as "Bad/Wrong Number." Excluded are customers of First National Bank Texas or First Community Bancshares, Inc.

In the Motion for Approval of Class Notice, the Class Representative proposes to identify class members as follows. Plaintiff does not have class members' names and addresses. Therefore, she proposes to identify them as follows. First, Ms. Verkhovskaya would perform a reverse lookup of the Defendants' call data to identify the "customary users" of those inbound/outbound Bad/Wrong number telephone numbers which were cellular telephone numbers at the time of the second (outbound) call. Second, from that output, Defendants would identity the name and address of the associated account numbers to exclude their customers from the class list. Third, once customers were removed, a Notice (attached as Exhibit A) would be sent to class members. Additionally, the class representative would set up an independent website which would include relevant case documents. The Class Representative proposes to follow the procedure in *West v. California Service Bureau, Inc.*, 16-cv-3124 (N.D. Cal.), which involved a similar "wrong number" case.

While the motion for class notice was being briefed, Defendants moved for leave to file summary judgment on an issue that could be dispositive. Plaintiff joined, and the parties briefed the summary judgment motions. After the summary judgment motions were fully briefed, Defendants filed a report requesting that the Court rule on class notice prior to ruling on the summary judgments. Plaintiff opposed Defendants' report and argues that the class notice and summary judgment motions should be ruled on at the same time.

Notice for a certified Rule 23(b)(3) class generally is not optional under Rule 23(c)(2) and should be given before a ruling on the merits is issued. *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010), *citing Schwarzschild v. Tse,* 69 F.3d 293, 295 (9th Cir.1995) ("[t]he purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated."). Therefore, to move this case along and to ensure class members receive notice before the merits of this action are decided, the Court will proceed to rule on this motion for class notice.

## DISCUSSION

The Class Representative seeks approval of her class notice plan. To approve a class notice plan for a certified Rule 23(b)(3) class, the Court must be satisfied that the notice "clearly and concisely state[s] in plain, easily understood language:"

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Court finds that Plaintiff's proposed class notice plainly satisfies requirements (i) through (vii), which Defendants do not appear to dispute.

**I.  General Applicable Law.**

Moreover, in approving a class notice plan, "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members *who can be identified through reasonable effort*." Rule 23(c)(2)(B); *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005). The rule, by its plain

language, contemplates that some class members may not be identified through reasonable effort. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) ("the rule does not insist on actual notice to all class members in all cases. It recognizes it might be *impossible* to identify some class members for purposes of actual notice"), *citing Juris v. Inamed Corp.,* 685 F.3d 1294, 1321 (11th Cir.2012) (noting that "even in Rule 23(b)(3) class actions, due process does not require that class members actually receive notice" and collecting cases).

Due process and Rule 23(c)(2)(B) are generally coextensive. *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) ("The legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar."). Due process does not require actual notice or actual receipt for every class member. *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005). And the Court's analysis does not focus on the rate of actual notice received by class members. *Id.*; *Integra I,* 262 F.3d at 1110 (citing *Eisen,* 417 U.S. at 174, 94 S.Ct. 2140) (quotation omitted). Rather, class notice "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Tennille v. W. Union Co.*, 785 F.3d 422, 436 (10th Cir. 2015).

When individuals cannot be identified to receive individual notice, the solution is not necessarily to deny notice, but rather, to order other types of notice. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015).

**II**     **Analysis of Class Notice Motion.**

The Court finds that the proposed notice plan is the "best notice practicable under the circumstances" and provides "individual notice to all members who can be identified through

reasonable effort." Rule 23(c)(2)(B). The class consists of individuals who called in on their phones to Defendants and were coded "Bad/Wrong Number" in Defendants' call logs, who then were called by Defendants and were noted "Bad/Wrong Number". Customers of Defendants are excluded from the class.

To identify these customers, Ms. Verkhovskaya will perform a reverse lookup and search for who was the "customary user" of the telephone number called *at the time of the call in the logs*. First, Ms. Verkhovskaya will perform a reverse lookup of the Defendants call data to identify customers of those telephone numbers which were cellular phone numbers at the time of the second, outbound call. Second, Defendants will identify the name and address of the associated account numbers to exclude their customers from the class list. Finally, after customers are removed from the output, the notice will be mailed to class members. This process is similar to the one used in *West v. California Service Bureau, Inc.*, No. 16-cv-3124 (N.D. Cal.).

The Court finds that Ms. Verkhovskaya's methods expend reasonable effort to identify class members. While there may be errors in identifying class members, Defendant has not cited to case law that indicates that is a reason to deny *class notice*.

Although Defendants give a number of reasons why Ms. Verkhovskaya's methods *may* not identify class members, they are generally speculative. Defendants arguments may be relevant to other stages of the litigation, but they are generally not something that tends to attack whether the Class Representative is giving the best notice practicable under the circumstances and expending reasonable effort to identify class members.

Defendants propose a number of scenarios where class members may not be identified, or non-class members may be sent notice inadvertently. Defendants may have valid concerns. But

those concerns are generally issues for class certification (or decertification) or the claims administration process. *See, e.g., Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2017 WL 3206324, at *7 (M.D.N.C. July 27, 2017) ("the Court will not enter an aggregate judgment against Dish in the amount of $61 million and instead will require a claims administration process that gives Dish the opportunity to reasonably challenge individual claims to class membership."); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) ("They can rely, as they have for decades, on claim administrators, various auditing processes, sampling for fraud detection, follow-up notices to explain the claims process, and other techniques tailored by the parties and the court to take into account the size of the claims, the cost of the techniques, and an empirical assessment of the likelihood of fraud or inaccuracy."); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1132 (9th Cir. 2017) (defendants can "challenge the claims of absent class members if and when they file claims for damages" explaining that parties have "long relied on 'claim administrators, various auditing processes, sampling for fraud detection, follow-up notices to explain the claims process, and other techniques tailored by the parties and the court' to validate claims.")

Defendants do not attempt to show that some other method of notification offers a better means of notifying the class. *See In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1260 (10th Cir. 2004) ("We emphasized that the *Integra I* appellants had made no showing ... that some better method of notification offered a practicable means of notifying the class."). As noted above, Defendants instead argue that the class is not ascertainable. This is not a reason to deny class notice. There does not appear to be any better way of providing individual notice to class members.

### III. **Defendants' Request for Limited Discovery Denied**.

Defendant seeks discovery essentially on whether Lexis Nexis can provide data as Plaintiff describes, and the reliability of such data. It appears that Defendant already successfully moved for discovery on Ms. Verkhovskya's methods. **Doc. 86**. Defendant has not explained why the requested discovery could not be obtained at that time.

Finally, Defendant's proposed discovery, as noted above, is more relevant to class certification or claims processing than to notice. Therefore, the Court concludes that Defendants' discovery request should not hold up notice to class members. If Defendants still seek this discovery for some other purpose, they should file an appropriate motion.

**IV.     Class Notice will not be limited to New Mexico**.

Defendants summarily argue that under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,* 137 S.Ct. 1773, 1780 (2017), this Court does not have personal jurisdiction over non-New Mexico class members.

For the reasons stated by Plaintiff, the Court concludes that *Bristol-Myers* does not apply to this class action. *Bristol-Myers* involved a mass-tort case in which multiple plaintiffs were real parties in interest. In other words, that case combined multiple individual suits. It was not a class action. In a class action such as this one, there is one Plaintiff who represents multiple similarly situated individuals. *See, e.g., Dennis v. IDT Corp*., 343 F. Supp. 3d 1363 (N.D. Ga. 2018); *see also Braver v. Northstar Alarm Servs., LLC*, No. CIV-17-0383 -F, 2018 WL 6929590, at *4 (W.D. Okla. Oct. 15, 2018) ("this court joins the majority of other courts in holding that Bristol-Myers does not apply to class actions in federal court."). Therefore, the Court concludes that *Bristol-Myers* does not apply here.

Even if *Bristol-Myers* did apply here, it is unclear why that defense should be asserted at the class notice stage. Any requested relief based on *Bristol-Myers* was not appropriately raised in a response to this class notice motion.

## V.     Plaintiff's requests for discovery were not opposed.

Finally, the Court notes that Defendants did not oppose several discovery requests by Plaintiff. First, Plaintiff requested that the Court order Defendants to produce current Call Data. **Doc. 138, p. 4.** Defendants did not object and the Court grants the request.

Moreover, Step 2 of the notice plan Defendants provide documentation in order to weed out bank customers from the class. Defendants did not object, and the Court grants the request.

## VI.    Injunction Language Stricken from Notice.

The Notice references injunctive relief. *See* **Doc. 138-1**, p. 3 ("Plaintiff also seeks to obtain injunctive relief preventing Defendants from calling these parties using an autodialer in the future."). Plaintiff's motion to certify did not request certification under Rule 23(b)(2) or use the words "injunctive relief" or "injunction." Rather, the motion requested certification under Rule 23(b)(3). *See* **Docs. 74, 74-1**. Therefore, it appears that injunctive relief is not available. *See, e.g, West v. California Servs. Bureau, Inc.*, 323 F.R.D. 295, 307 (N.D. Cal. 2017) (certifying both an injunctive relief class and damages class under 23(b)(2) and (3)).

The Court therefore **STRIKES** injunctive relief language from the notice unless and until Plaintiff shows that injunctive relief is available under Rule 23(b)(3). Alternatively, if both parties agree that injunctive relief is available under Rule 23(b)(3), Plaintiff may leave that language in the notice.

## VII.   Timeline for Notice.

Plaintiff proposed a loose timeline for how long each step of the notice process will take. Defendants did not object. Therefore, the Court adopts the timeline specified in Plaintiff's motion. Because it is unclear how long the process will take, the Court does not fix any deadline for sending out notice. Instead, Plaintiff shall file a notice indicating when the class notices are sent out and when the deadline 60-day deadline for class members to opt out begins to run.

## CONCLUSION

The Court concludes that the form and content of Plaintiff's proposed notice and method of identifying potential class members satisfies the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances and constitutes due notice to all persons entitled to receive notice. The Court approves the Class Notice (Attached as Exhibit A to the Motion).

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE