## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

JANINE LAVIGNE,

     Plaintiff,

vs.                                                     No. 1:15-cv-00934-KWR-LF

FIRST COMMUNITY BANCSHARES, INC.
and FIRST NATIONAL BANK TEXAS,

     Defendants.

### ORDER GRANTING MOTION TO APPROVE VOLUNTARY DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Motion to Approve Voluntary Dismissal **(Doc. 224).** For the reasons stated below, the motion is granted. The Court will **PRELIMINARILY APPROVE** dismissing this case without prejudice, subject to objections by class members. The Court will set the voluntary dismissal for hearing for final approval.

**I.**    **Court will preliminarily approve dismissing case without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii).**

The parties entered into a stipulation to voluntarily dismiss this case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Plaintiff requests that the Court dismiss this case without prejudice. Defendants request dismissal with prejudice. The stipulation of voluntary dismissal provided as follows:

> Under Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff Janine LaVigne, and Defendants First Community Bancshares, Inc. and First National Bank Texas stipulate and agree to the voluntary dismissal of this action with costs to be borne by the party incurring them.

> Under Fed. R. Civ. P. 23(e), this class action may only be voluntarily dismissed with the Court's approval including an order on whether the effect of this dismissal is with or without prejudice. The Parties will submit separate briefing on this issue.

**Doc. 223.**  As relevant here, Fed. R. Civ. P. 41(a)(1)(A)(ii) provides that the plaintiff may dismiss an action without a court order by "filing a stipulation of dismissal signed by all parties who have appeared."   Generally, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).   Here, the stipulation was clear that the parties agreed to voluntarily dismiss this case under Fed. R. Civ. P. 41(a)(1)(A)(ii).   This subsection does not grant the Court discretion to determine whether a stipulation of voluntary dismissal is with or without prejudice.   Nothing in Fed. R. Civ. P. 41(a)(1) gives the Court discretion to impose terms on a stipulated dismissal or dismiss a case with prejudice, unless the parties have otherwise agreed.

In contrast, Fed. R. Civ. P. 41(a)(2) provides the Court with discretion to determine whether dismissal should be with or without prejudice.  It provides that "except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only be court order, on terms that the Court considers proper… unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed. R. Civ. P. 41(a)(2).   But the stipulated dismissal expressly falls under Rule 41(a)(1), and that subsection lacks such discretionary language.

In class action cases, voluntary dismissals are also governed by Rule 23(e), under which the Court must approve dismissal. *Firestone v. Gallegos*, 172 F.3d 878 (10th Cir. 1999).  This means that stipulated voluntary dismissals are subject to the procedures of Rule 23(e). *Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co.*, 93 F.R.D. 497, 499–500 (E.D. Pa. 1982).  But nothing in Rule 23(e) states that the district court has the discretion to determine on its own whether a stipulated dismissal is with or without prejudice.

Here, the plain language of the stipulated voluntary dismissal expressly referenced Rule 41(a)(1) and omitted whether dismissal is with or without prejudice.  Therefore, according to a plain reading of Rule 41(a)(1)(B), dismissal is without prejudice.

## II. <u>Alternatively, Court would still dismiss without prejudice under Fed. R. civ. P. 41(a)(2).</u>

Alternatively, Defendants appear to request that the Court essentially determine whether dismissal should be with or without prejudice, as allowed under Fed. R. Civ. P. 41(a)(2).  The Court finds this to be inappropriate, as the stipulated voluntary dismissal does not fall under that subsection.  Assuming it is appropriate for the Court to determine whether a stipulated voluntary dismissal should be with or without prejudice, the Court would still dismiss this matter without prejudice.

Rule 41(a)(2) "permits a district court to dismiss an action ... upon such terms and conditions as the court deems proper." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (internal quotation marks omitted).  Unless the Court orders otherwise, voluntary dismissal under Rule 41(a)(2) is without prejudice.

Defendants seek to prevent class members from filing their own cases.  Initially, the record does not indicate that any class members intend to file their own actions.  Even if they did, a subsequent filing does not constitute legal prejudice warranting a dismissal with conditions or dismissal with prejudice.  *See Paulucci v. City of Duluth,* 826 F.2d 780, 782–83 (8th Cir.1987) ("Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit.").  "Neither the mere prospect of a second lawsuit nor a tactical advantage to the plaintiff amount to legal prejudice." *Wimber By & Through Wimber v. Dep't of Soc. & Rehab. Servs.*, 156 F.R.D. 259, 261 (D. Kan. 1994), *citing American Nat. Bank,* 931 F.2d at 1412.

Absent "legal prejudice" to the defendant, a district court should normally grant a motion for voluntary dismissal under Rule 41(a)(2). *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th

3

Cir.1997). The Tenth Circuit has set forth the following guidelines in considering legal prejudice under a Rule 41(a)(2) dismissal:

> "[Rule 41(a)(2)] is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal quotation marks omitted). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Am. Nat. Bank*, 931 F.2d at 1412. "[P]rejudice is a function of ... practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Brown*, 413 F.3d at 1124 (internal quotation marks omitted). "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case." *Id.* "[I]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.* "The district court, however, should impose only those conditions which actually will alleviate harm to the defendant." *Am. Nat. Bank*, 931 F.2d at 1412.

*Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021). Considering these factors and the totality of the circumstances, the Court concludes that dismissal without prejudice is appropriate.

The Court notes that neither party discusses or argues these factors as set forth by the Tenth Circuit in the *Frank* case or *Brown v. Baeke* case. Defendant simply argues that dismissal with prejudice is appropriate because the claims in this case are no longer viable following the United States Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167, 209 L. Ed. 2d 272 (2021).

Defendant does not assert any other prejudice aside from potentially facing another suit. *See* **Doc. 227 at 6-7.** Generally, prejudice resulting from defending another suit does not by itself constitute legal prejudice warranting dismissal with prejudice. *See Paulucci v. City of Duluth,* 826 F.2d 780, 782–83 (8th Cir.1987) ("Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit.").

However, the merits are not before the Court.  This matter was essentially stayed pending the decision in *Facebook, Inc. v. Duguid*, after which the parties were going to file motions for summary judgment.  After the United States Supreme Court issued its decision in *Facebook v. Duguid*, the parties stipulated to voluntarily dismiss this case instead of proceeding on the merits. The Court will not decide which party would have won had they filed summary judgment motions.

Therefore, assuming the Court has discretion to dismiss with or without prejudice, the Court considers the totality of the circumstances and dismisses without prejudice.

## III.   Court will preliminarily approve voluntary dismissal pursuant to Rule 23(e), subject to objections by class members.

The Court must approve any voluntary dismissal of a certified class action under Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class…may be… voluntarily dismissed… only with the court's approval.").  The Court concludes that the class members would not be prejudiced by a voluntary dismissal without prejudice, and therefore the Court preliminarily approves the dismissal.

In determining whether to approve a voluntary dismissal under Rule 23(e), the Court must examine whether the plaintiff class would be prejudiced by the voluntary dismissal. *In re Phillips,* 109 F.R.D. at 607, *quoted in Cranley v. Nat'l Life Ins. Co. of Vermont*, 144 F. Supp. 2d 291, 304–05 (D. Vt. 2001), *aff'd*, 318 F.3d 105 (2d Cir. 2003).  "The district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members, and therefore must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). The "court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other

5

circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id.*  Rule 23(e)(2) also provides that the Court may approve a proposal that would "bind" class members only on finding that the proposal is fair, reasonable, and adequate, and after considering certain factors. Rule 23(e)(2) does not apply here because the stipulated voluntary dismissal without prejudice does not bind class members.

Here, the voluntary dismissal without prejudice does not bind class members.  The record does not reflect any prejudice to the class members by dismissal, or any hint of collusive settlement.  Because the dismissal is without prejudice, the class members are not precluded from asserting their claims.

Moreover, if Defendants are correct that the class members no longer have a meritorious claim following the United States Supreme Court's ruling in *Facebook v. Duguid* then there would be no prejudice to the class members in dismissing this case.

Notice of this class action was sent out.  However, the Court notes that whether the individuals noticed were in fact class members was a potentially litigable issue.  There is no evidence in the record that class members are relying on the filing of this action to assert their claims or have been induced to hold off on asserting claims because of this class action.

There is also no evidence of a collusive settlement.  The parties agreed to voluntarily dismiss this case, and the record reflects that this is the entirety of the agreement between the parties.  Class counsel, Stephen Taylor, filed a declaration, swearing that "[i]n connection with the Stipulation of Dismissal, there are no other agreements between Plaintiff, Class Counsel, and the Defendant.  The Dismissal is the sole agreement between the parties." **Doc. 224-1.**  Therefore,

there was no settlement or collusive settlement in this case. Rather, the parties stipulated to a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

Neither party appears to argue that the class members will face statute of limitations issues. Rather, Defendants appear to believe that the filing of this class action tolled each class member's claim during the pendency of this class action, **Doc. 227 at 5,** and they seek dismissal with prejudice to stop class members from filing a new case.

Therefore, the Court preliminarily approves the voluntary dismissal under Rule 23(e).

## IV.     <u>Individual notice is not necessary because class members will not be bound or prejudiced.</u>

Defendants assert that the Class Representative should be required to send out individual notice of this proposed dismissal to each class member. The Court finds that individual notice is not required under Rule 23(e) because dismissal is without prejudice, and individual notice is otherwise unnecessary under the circumstances.

Rule 23 only requires that the court direct notice to class members "who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). "Where ... the proposal is to dismiss the claims without prejudice and the class is not bound by any determination, notice may not be required." *Joseph v. Am. Modification Agency*, Inc., 2012 WL 3542189, at *4 (S.D.N.Y. Aug. 16, 2012). The Advisory Committee Notes explain that Subdivision (e)(1)(B) "carries forward the notice requirement of present Rule 23(e) when the settlement binds the class through claim or issue preclusion ...."

For the reasons explained above, the Court finds that the class members will not be bound by the voluntary dismissal without prejudice. Moreover, the record does not reflect, and the parties

have not argued, that the class members will be prejudiced by the voluntary dismissal, either by preclusion or by the statute of limitations.  There is no evidence of a collusive settlement.

Therefore, the Court finds that individual notice to the class members is unnecessary. *See Paulson v. Two Rivers Water & Farming Co.*, No. 19-CV-02639-PAB-NYW, 2021 WL 2660789, at *5 (D. Colo. June 29, 2021) ("The Court finds that notice to the class proposed for the purposes of settlement is not required because the dismissal of Two Rivers is without prejudice. Where the dismissal of a defendant is without prejudice, the Court need not provide notice to the proposed class under Rule 23(e).… Because dismissing Two Rivers without prejudice will not bind prospective class members, notice to the proposed class is unnecessary.") (citations omitted); *Cranley v. Nat'l Life Ins. Co. of Vermont*, 144 F. Supp. 2d 291, 305 (D. Vt. 2001) (individual notice to class members unnecessary where claims dismissed without prejudice), *aff'd*, 318 F.3d 105 (2d Cir. 2003); *Wimber By & Through Wimber v. Dep't of Soc. & Rehab. Servs.*, 156 F.R.D. 259, 262–63 (D. Kan. 1994) ("In light of the small class size, the likelihood of former Terramara clients learning of this dismissal through other channels, the early dismissal without prejudice, the lack of possible collusion, and the small danger of the statute of limitations expiring, the court dispenses with the notice and hearing requirements and approves the dismissal without prejudice."); *Sheinberg v. Fluor Corp.,* 91 F.R.D. 74, 75 (S.D.N.Y.1981) (approving stipulation to voluntary dismissal without notice to class members); *Stern v. Docircle, Inc.*, No. SACV122005 AGJPRX, 2014 WL 12558847, at *2 (C.D. Cal. May 19, 2014) (same); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.,* MDL–1446, 2007 WL 209923, at *3 (S.D. Tex. Jan. 24, 2007) (concluding that notice to the absent class members is not required for voluntary dismissal under Rule 23(e) where the dismissal is without prejudice and "there is no resolution of any of the claims on the merits that would bind the class members"); *see also* 4 A. Conte & H. Newberg, *Newberg on Class Actions,*

§ 11:72 at 265 ("If neither loss of benefit to the class nor evidence of collusive agreement is present, notice is unnecessary."); *Estate of Dolby v. Butler & Hosch, P.A.,* No. 8:03-cv-2246, 2006 WL 2474062, \*6 (M.D.Fla. Aug. 25, 2006) (the class notice requirement of Rule 23(e)(1)(B) does not apply when class claims are dismissed without prejudice because the class is "not bound by proposed resolution."); *Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co.*, 93 F.R.D. 497, 503 (E.D. Pa. 1982) ("Applying the teachings of Professor Newberg, and given my holding above that no prejudice to the class will result from approving plaintiff's motion for voluntary dismissal, I hold that no notice to the absent class members is necessary on the facts of this case. Because the policies of rule 23(e) would not be served by ordering notice in this case, it would truly be exalting form over substance to force plaintiff to bear what is in my view a wholly unnecessary burden.").

The Court notes that individual notice would be burdensome and would be sent to more than 20,000 individuals.  Because there is a dispute as to whether the class members were in fact adequately identified, it is possible individual notice would not be useful but instead would be sent to individuals who were not in fact class members.  At some point in this case, Defendants asserted they would file a motion to decertify because class members could not be identified.

By its plain language, Rule 23(e)(4) does not apply.  That subsection provides: "If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so."  Here, there was apparently no settlement. Rather, the parties solely stipulated to voluntarily dismiss this case.  There was no other agreement between the parties aside from the stipulated voluntary dismissal entered into the record.  Moreover, the dismissal does not bind the class members.  Therefore, there does not appear to be any need to allow class members to opt out.

The Class Representative requests that she be allowed to give notice through her website, and that the Court schedule a hearing for final approval of the voluntary dismissal.  The Court finds this means of notice reasonable under the circumstances, given that (1) the Court finds notice is not required under the Federal Rules of Civil Procedure for this voluntary dismissal without prejudice; (2) the class members have already been directed to check the website through individual notice; and (3) notice would likely be burdensome and may not reach the intended class members.

In the notice sent to the class members, the class representative's website was mentioned several times.  The notice stated: "Important Court dates, including Trial dates, will be posted to and updated on the case website, *www.LaVigneClass.com.*"  **Doc. 224-2 at 5.**  Elsewhere, the notice provided "[f]or more information visit *www.lavigneclass.com.*"  In other words, class members were notified to check the website.  The Court finds that this is sufficient.  Class members interested in the case or interested in potentially filing their own suit would likely check the website.

The Court will therefore preliminarily approve the voluntary dismissal without prejudice, subject to a final hearing, after considering any objections by class members.  Fed. R. Civ. P. 23(e)(5).

Therefore, the Court directs the Class Representative to update her website to alert class members that they may file written objections and appear at a hearing, which the Court will set by separate notice.

10

For the reasons stated above, Plaintiff's motion for voluntary dismissal **(Doc. 224)** is **GRANTED.** The voluntary dismissal without prejudice is **PRELIMINARILY APPROVED**, subject to final approval at hearing which will be set by separate notice.

The class members may file objections to the proposed dismissal **within thirty (30) days of the date of entry of this Order.**

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**